**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**MALCOLM PLUMMER**                                            **PETITIONER**

**5:18CV00008 JM/PSH**

**WENDY KELLEY, DIRECTOR,**
Arkansas Department of Correction                            **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDATION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge James M. Moody Jr.  You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

Malcolm Plummer ("Plummer") seeks habeas corpus relief in this lawsuit which he originally filed in the United States District Court for the Eastern District of Texas, Texarkana Division.  Plummer, currently confined at the Bowie County Correctional Center ("BCCC") in Texas, contends he is illegally confined.  He faults respondent Wendy Kelley ("Kelley") for his allegedly illegal transfer across the Arkansas state line.  He asserts that his incarceration in Texas is in violation of the Texas state constitution, as he has not been notified of any criminal charges pending against him in Texas.  He also claims his confinement violates the United States Constitution.

Kelley agrees that Plummer is incarcerated at BCCC.  She states that Plummer is an ADC inmate serving a 20 year sentence for a rape conviction rendered in Chicot County, Arkansas, in

2008. Kelley submits a 2015 contract between BCCC and the Arkansas Department of Correction ("ADC") which provides for BCCC to house ADC inmates.[1] Docket entry no. 13-3. Pursuant to the contract, Kelley indicates that Plummer was transferred to BCCC in February 2017 to continue service of his Arkansas sentence.

Habeas corpus relief is reserved for an individual "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The purpose of habeas corpus is to challenge the duration or legality of confinement, while a challenge to conditions of confinement must be brought under section 1983. *Heck v. Humphrey*, 512 U.S. 477 (1994). Here, Plummer does not challenge the validity of his 2008 state court conviction, nor does he challenge the duration of his confinement. Instead, he is concerned with his place of incarceration. Since his place of incarceration is a *condition* of his confinement rather than a challenge to the legality or duration of his confinement, this habeas corpus action should be dismissed. We recommend dismissal of this habeas corpus action without prejudice for failure to state a cognizable claim.[2]

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

---

[1] According to Kelley, the parties entered the contract "for the mutually-beneficial purposes of relieving overcrowding in the ADC and generating revenue for Bowie County." Docket entry no. 13, page 2.

[2] Kelley's second argument, that the petition should be dismissed because Plummer has no constitutional right to reside in a particular place of incarceration, is also correct. *Meachum v. Fano*, 427 U.S. 215 (1976).

IT IS SO ORDERED this 15th day of February, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

3